IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHERI L. HABA, )
        Plaintiff, )
)
-vs- )   Civil Action No. 17-476
)
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10, 12 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 9) and denying Defendant's Motion for Summary Judgment. (ECF No. 11).

**I.    BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for supplemental security income pursuant to the Social Security Act. Plaintiff filed her application alleging disability since May 31, 2007. (ECF No. 8-9, p. 2). Administrative Law Judge ("ALJ"), William E. Kenworthy, held a hearing on August 3, 2015. (ECF No. 8-2, pp. 28-52). On August 11, 2015, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 15-23).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Opinion Evidence

Plaintiff argues that the ALJ erred in failing to recognize and properly evaluate the opinion evidence from her treating specialist, Dr. Singerman. (ECF No. 10, pp. 2-14; No. 15, pp. 1-5). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give

3

that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where. . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff submits that the ALJ completely failed to weigh the opinion of Dr. Singerman. (ECF No. 10, p. 2). To that end, Plaintiff supposes that the ALJ "mistakenly conflate[ed] it with the separate opinion offer by her therapist, Ms. Fetsko." *Id.* In so doing, Plaintiff continues, the ALJ analyzed Ms. Fetsko's opinion as a non-acceptable medical source, which is the incorrect standard for reviewing a treating specialist like Dr. Singerman. (ECF No. 10, pp. 4-8). As a result, Plaintiff submits that remand is warranted such that the ALJ may apply the proper standard of law. *Id.* After a review of the evidence, I agree.

While the ALJ need only discuss the most pertinent, relevant evidence bearing upon a claimant's disability status, he must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r of SS,* 529 F.3d 198, 203-04 (3d Cir. 2008). To that end, an ALJ must provide sufficient

4

explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett v. Comm'r of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000)*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981); *Fargnoli v. Massanari,* 247 F.3d 34, 44 (3d Cir. 2001). An ALJ's findings should be as "comprehensive and analytical as feasible," so that the reviewing court may properly exercise its duties under 42 U.S.C. §405(g). *Cotter,* 642 F.2d at 705.

In the present case, I find the ALJ failed to meet this standard. As Defendant acknowledges, the ALJ did not recognize or weigh the opinion of Dr. Singerman. *See,* ECF No. 12 and ECF No. 8-2, p. 21. As a result, I am unable to tell if the ALJ considered and rejected the opinions or if he failed to consider the same. The doctor's opinions, as part of the record, should have been discussed. 20 C.F.R. §§ 404.1527; 416.927. "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... he must consider all of the evidence and give some reason for discounting the evidence he rejects.'" *See Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009), *quoting Colon v. Barnhart,* 424 F.Supp.2d 805, 812 (E.D. Pa 2006). The ALJ's failure to discuss the opinion of Dr. Singerman prohibits me from conducting a proper and meaningful review.

In opposition, Defendant suggests that "[a]though the ALJ may have erred in not weighing Dr. Singerman's opinion, he fully considered Dr. Singerman's records and properly gave little weight to Ms. Fetsko's opinion, which was identical to Dr. Singerman's." (ECF No. 12, p. 13). Thus, Defendant argues, remand would be futile. *Id.* I disagree. While it is true that Dr. Singerman's opinion and Ms. Fetsko's opinion are similar, they are separate and distinct opinions. *Compare,* ECF No. 8-20, p. 2 *with* ECF No. 8-20, p. 3. To that end, one is by a treating specialist (Dr. Singerman) and the other is by a non-acceptable medical source, Plaintiff's therapist, Ms. Fetsko. As set forth above, opinions of treating physicians are to be

5

reviewed under a certain standard. Therapists, as non-acceptable medical sources, however, are "other sources" and, alone, cannot be given controlling weight to establish a medically determinable impairment, which is how the ALJ viewed Ms. Fetsko's opinion. SSR 06-03p. Since the ALJ did not consider the opinion of Dr. Singerman (which he is required to do) and, further, did not consider it under the proper standard, I am prohibited from conducting a meaningful and proper review. Therefore, contrary to Defendant's assertion otherwise, remand for consideration of Dr. Signerman's opinion under the proper standard of law is not an exercise in futility.[2] Consequently, remand is warranted.

      An appropriate order shall follow.

---

[2] I note that Defendant proffered *post hoc* rationalizations for the ALJ's opinion. It is well established that "[t]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based." *SEC v. Chenery Corp.,* 318 U.S. 80, 87 (1943). As such, "'[t]he ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision;' the Commissioner may not offer a post-hoc rationalization." *Keiderling v. Astrue,* No. Civ.A. 07–2237, 2008 WL 2120154, at *3 (E.D.Pa. May 20, 2008) (*quoting Newton v. Apfel,* 209 F.3d 448, 455 (5th Cir.2000)); *See, Fargnoli v. Massanari,* 247 F.3d 34, 44 n. 7 (3d Cir.2001). As a result, I will not consider such rationalizations.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHERI L. HABA,  )
      )
    Plaintiff,  )
      )
  -vs-  )  Civil Action No. 17-476
      )
NANCY A. BERRYHILL,[3]  )
COMMISSIONER OF SOCIAL SECURITY,  )
      )
    Defendant.  )

AMBROSE, Senior District Judge

## ORDER OF COURT

AND now, this 26th day of September, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 9) is granted and Defendant's Motion for Summary Judgment (ECF No. 11) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                        BY THE COURT:

                        s/ Donetta W. Ambrose
                            Donetta W. Ambrose
                            United States Senior District Judge

---

[3] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.